85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RICE MOTORS, a Montana Corporation, Plaintiff-Appellee,
v.
Melvin L. HAMMATT, Defendant-Appellant.
 No. 95-35205.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided May 8, 1996.
 
 Before: WRIGHT, PREGERSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1990, defendant-appellant Melvin L. Hammatt ("Hammatt") traded-in his 1983 Cadillac to plaintiff-appellee Rice Motors ("Rice"). A Rice employee filled out an odometer disclosure statement required under former 15 U.S.C. § 1988[1]. The employee failed to note that the odometer had already turned-over, and thus had been driven 100,000 more miles than reflected on the odometer. Hammatt signed the form attesting to its accuracy.
 
 
 3
 After realizing the error, Rice sued Hammatt under both state and federal law. Hammatt counterclaimed. After a bench trial, the district court found against Rice on the federal claim (which required an intent to defraud) and in favor of Rice on the state law claim for negligent misrepresentation. It entered judgment in favor of Rice in the amount of $3,500, plus costs.
 
 
 4
 On appeal, Hammatt contends: 1) Rice did not make out a claim for negligent misrepresentation; 2) Rice was comparatively negligent; and 3) Rice owed a duty to Hammatt to fill the form out correctly. We have jurisdiction of this appeal under 28 U.S.C. § 1291, and we REVERSE in part, AFFIRM in part and REMAND.
 
 
 5
 I. Negligent Misrepresentation.
 
 
 6
 Under Montana law, to establish a claim for negligent misrepresentation, a plaintiff must show that:
 
 
 7
 1) defendant supplied false information for the guidance of plaintiff in his business transaction;
 
 
 8
 2) plaintiff justifiably relied upon such information; and
 
 
 9
 3) defendant failed to exercise reasonable care or competence in obtaining or communicating such information.
 
 
 10
 Bottrell v. American Bank, 773 P.2d 694, 705 (Mont.1989). The district court found that Rice had shown each element, and therefore found Hammatt liable for negligent misrepresentation.
 
 
 11
 A district court's finding of negligence is reviewed under the clearly erroneous standard. Exxon Co. v. Sofex Co., 54 F.3d 570, 576 (9th Cir.), cert. granted, 116 S.Ct. 493 (1995). This standard of review is an exception to the general rule that mixed questions of law and fact are reviewed de novo. Id. at 576. Under a clearly erroneous review, a court should not reverse unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 622 (1993) (citation omitted).
 
 
 12
 Although Hammatt admits that he failed to exercise reasonable care in signing the disclosure form, he contends that Rice has not established the first two elements of negligent misrepresentation. At least as to the second element, justifiable reliance, Hammatt is correct.
 
 
 13
 To show justifiable reliance, a plaintiff does not need to show that his reliance was reasonable, but "[t]he plaintiff's conduct must not be so utterly unreasonable, in the light of the information apparent to him, that the law may properly say that his loss is his own responsibility." Prosser and Keeton on The Law of Torts, § 108 at p. 750 (W. Page Keeton, ed., 1984) (hereinafter "Prosser and Keeton "). The district court determined that Rice justifiably relied on the misrepresentation in the odometer disclosure form because Hammatt's car seemed clean and in good condition. Thus, it was justifiable for the salesman who filled out the odometer form, Ed Faccenda, to think that the car only had around 44,500 miles on it. This conclusion is clearly erroneous in light of the facts.
 
 
 14
 The undisputed facts reveal that Hammatt had had his car serviced regularly at Rice. Rice's service records indicated that the car had over 100,000 miles on it. Thus, Faccenda need only have reviewed Rice's own service records to discover that the car had over 100,000 miles on it. Rice argues that Faccenda acted reasonably by not checking the service records. We do not agree. However, even assuming that it was reasonable for Faccenda to ignore the service records, it was utterly unreasonable for him to not at least ask about the mileage.
 
 
 15
 It is a car salesman's business to assess the condition of a used car and to determine its value. Mileage is a primary consideration of retail value. Faccenda had been in the car business for over 40 years, and had been a salesman for over 15 years. The law requires Faccenda to act consistently with his specialized experience and knowledge. See Prosser and Keeton, § 32 at p. 185 ("If a person in fact has knowledge, skill or even intelligence superior to that of the ordinary person, the law will demand of that person conduct consistent with it").
 
 
 16
 Undoubtedly Faccenda knew that a Cadillac's odometer only had five digits and could "turn-over." He also must have known that it would be very uncommon for any seven-year old car to have only 44,500 miles on it (around 6,350 miles per/year), particularly in a state as large and sparsely populated as Montana.
 
 
 17
 Under these circumstances, how could a car salesman not, at the very least, ask whether the odometer on a seven-year old car had turned over? To not do so is utterly unreasonable, no matter how clean the car seemed to be.
 
 
 18
 Additionally, Rice is trying to make Hammatt accept responsibility for an error originally committed by Rice. Essentially, Rice claims that Hammatt is liable because he did not catch Rice's mistake. Under these circumstances, it becomes important to note that Faccenda did not ask Hammatt to review the disclosure form carefully. Faccenda more or less identified the document and told Hammatt where to sign. This particular form was one of four forms being signed one after the other. These facts reveal that Rice did not take any precautionary steps whatsoever to ensure that the odometer disclosure form was correct. Again, this conduct seems utterly unreasonable.[2] Finally, Rice, in fact, knew that the odometer had turned over because this fact was contained in its own records.
 
 
 19
 Accordingly, it was not justifiable for Rice to rely on the odometer form as a reflection of the actual mileage on Hammatt's car. The district court's finding that Rice made out a claim for negligent misrepresentation is clearly erroneous.[3]
 
 
 20
 II. Hammatt's Counterclaim.
 
 
 21
 Hammatt also appeals the district court's conclusion that Hammatt could not succeed on a negligence claim because Rice did not owe him a duty of care. The question of the existence of a duty is a matter of law subject to de novo review. Sutton v. Earles, 26 F.3d 903, 912 n. 8 (9th Cir.1994).
 
 
 22
 Long standing principles of tort law hold that "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." Stuart M. Speiser, Charles F. Krause & Alfred W. Gans, The American Law of Torts, § 9:22 at 1140 (1988) (citing Glanzer v. Shepard, 135 NE 275, 276 (N.Y.1922) (Cardozo, J)). This is the "Good Samaritan" doctrine of negligence. See Love v. United States, 915 F.2d 1242, 1248 (9th Cir.1988).
 
 
 23
 Montana has adopted this doctrine as it applies to physical safety; thus, one who voluntarily undertakes an act must do so in a manner that protects the safety of others. Id. (citing Restatement (Second) of Torts, § 323 (1974)); see also Krieg v. Massey, 781 P.2d 277, 278 (Mont.1989) (where a "defendant interjects himself into the situation so as to create a special relationship of control, a duty may be imposed") (citing Prosser and Keeton, § 56 at 357-77). However, Montana has never applied the Good Samaritan doctrine in the context of solely economic harm. Love, 915 F.2d at 1248. In Love, the Ninth Circuit rejected a plaintiff's attempt to apply Montana's good samaritan doctrine to a claim for solely economic damages. Id.
 
 
 24
 As in Love, the only harm implicated in this case is economic. Because Montana has not extended the Good Samaritan doctrine to cover this type of harm, the district court correctly concluded that Rice did not owe Hammatt a duty of care.
 
 
 25
 III. Conclusion.
 
 
 26
 For the foregoing reasons, we reverse the district court's judgment in favor of Rice on the negligent misrepresentation claim, and affirm the district court's judgment in favor of Rice on Hammatt's counterclaim. We remand to the district court with instructions to enter judgment in favor of Hammatt on the negligent misrepresentation claim. Each party shall bear its or his own costs on this appeal.
 
 
 27
 REVERSED in part, AFFIRMED in part and REMANDED.
 
 
 
 *
 The court is of the unanimous opinon that the facts and legal arguments are adequately prsented in the briefs and record and the decisional process would not be significantly aided by oral argument. See Fed.R.App.P. 34; Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This provision has since been repealed and replaced by 49 U.S.C. § 32705
 
 
 [2]
 Rice argues that by signing the odometer form, Hammatt is presumed to know its contents. See Johnson v. Estate of Shelton, 754 P.2d 828, 830 (Mont.1988). This presumption of contract law has no bearing in this tort case for negligent misrepresentation
 
 
 [3]
 As we conclude that Rice did not make out a prima facie claim of negligent representation, there is no need to address Hammatt's comparative negligence arguments